■ In the Matter of EUNICE B. SYLVIA B., Appellant. In the Matter of MITCHELL B. SYLVIA B., Appellant. In the Matter of ANTONIA B. SYLVIA B., Appellant.—In three neglect proceedings pursuant to Family Court Act article 10 (one proceeding as to each child) the mother appeals, as limited by her brief, from so much of three dispositional orders of the Family Court, Queens County (Gage, J.), all dated September 15, 1987, each of which, upon findings that the appellant had neglected her children, ordered the two oldest infant issue receive counseling, and directed that the appellant complete a substance abuse rehabilitation program.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

Following a fact-finding hearing, the Family Court determined that the respondent Commissioner of Social Services of

the City of New York had established by a preponderance of the evidence that the appellant had neglected her three children since her drug abuse and failure to provide adequate supervision placed their physical, mental and emotional condition in imminent danger of becoming impaired *(see,* Family Ct Act § 1012 [f] [i] [B]).

Thereafter the appellant waived her right to a dispositional hearing and the court directed, *inter alia,* that the two oldest children receive counseling and that the appellant complete a substance abuse rehabilitation program.

Initially we reject the appellant's contention that her waiver of the dispositional hearing was ineffective. Further, we perceive the dispositional order as having been made pursuant to Family Court Act § 1054 (a) and § 1057, which empower the court to place the appellant and her children under the supervision of the Commissioner of Social Services; and 22 NYCRR 205.83 (a) (3) and (b) (1) and (2), which empower the court to order drug abuse treatment for the appellant and counseling for her children. Thus, we hold that the dispositional order did not exceed the statutory authority of the Family Court. Furthermore, under all the circumstances, the disposition was appropriate and reasonable. Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.